# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAN FORESTER-HOARE,<br><br>          Plaintiff,<br><br>v.<br><br>C.O. ROPER, SGT. BEAHM, CPT. TRITT, SERGEANT FALKE, BRIAN FOSTER, WARDEN HEPP, DR. NELSON, DR. MANLOVE, ACP MOORE, HSU MANAGER MELI, PAUL BEKX, MICHAEL RIVERS, MAKDA FESSAHAYE, KEVIN CARR, DR. WHITE, DR. ANDERSON, and DOES 1-3,<br><br>          Defendants. | Case No. 23-CV-137-JPS<br><br>**ORDER** |
| SEAN FORESTER-HOARE,<br><br>          Plaintiff,<br><br>v.<br><br>SGT. BEAHM, CPT. TRITT, SECURITY DIRECTOR FALKE, WARDEN FOSTER, WARDEN HEPP, DR. NELSON, ACP MOORE, HSU MANAGER MELI, PAUL BEKX, MICHAEL RIVERS, MAKDA FESSAHAYE, KEVIN CARR, DR. ANDERS, DR. KALLAS, DR. WHITE, and JOHN DOES,<br><br>          Defendants. | Case No. 23-CV-193-JPS<br><br>**ORDER** |

| | |
|---|---|
| SEAN FORESTER-HOARE,<br><br>Plaintiff,<br><br>v.<br><br>C.O. ROPER, SGT. BEAHM, C.O. BUBLITZ, LT. BIRDISHAW, LT. STANNICK, LT. BURNS, CPT. TRITT, SECURITY DIRECTOR FALKE, WARDEN FOSTER, WARDEN HEPP, ACP MOORE, HSU MANAGER MELI, PAUL BEKX, MICHAEL RIVERS, MAKDA FESSAHAYE, KEVIN CARR, DR. NELSON, DR. WHITE, DR. ANDERS, DR. KALLAS, and JOHN/JANE DOES,<br><br>Defendants. | Case No. 23-CV-386-JPS<br><br>**ORDER** |
| SEAN FORESTER-HOARE,<br><br>Plaintiff,<br><br>v.<br><br>C.O. ROPER, SGT. BEAHM, CPT. TRITT, SECURITY DIRECTOR FALKE, WARDEN FOSTER, WARDEN HEPP, ACP MOORE, HSU MANAGER MELI, PAUL BEKX, MICHAEL RIVERS, MAKDA FESSAHAYE, KEVIN CARR, DR. WHITE, DR. KALLAS, DR. ANDERS, JOHN/JANE DOES, CPS KUEPPER, and DR. NELSON,<br><br>Defendants. | Case No. 23-CV-415-JPS<br><br>**ORDER** |

| | |
|---|---|
| SEAN FORESTER-HOARE,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITY DIRECTOR KIND, CPT. CUSHING, CPT. SWIEKATOWSKI, DEPUTY WARDEN HAESE, WARDEN RADTKE, SGT. PAGEL, SGT. WASIELEWSKI, LT. KENT, LT. ROZMARYNOWSKI, LT. WICKMAN, LT. MEJIA, CPT. EISINGER, CAPT. VAN LANEN, CPT. COLE, CPT. SCHULTZ, CPS PERTTU, CPS HOFFMAN, DAI ADMINISTRATOR HOVE, WARDEN COOPER, MIAREEN WOOD, DOC SECRETARY CARR, ICE DEGROOT, ICE GRABOWSKI, ICE DAVIDSON, ICE HOMPE, ICE ODONNELL, PAULA STESEL, HANNAH UTER, MS. WERTEL, MS. ITEIL, DR. HAMILTON, DR. PYRENBERG, H. BERG, RN MATUSHAK, MS. VOGELS, MR. DORSEY, ANGELA HANSEN, SANDRA DEYOUNG, M. SCHORNACK, J. KOEHLER, K JOHNSON DEBAUCHE, and LT. MATUSHALR,<br><br>    Defendants. | Case No. 23-CV-537-JPS<br><br>**ORDER** |
| SEAN FORESTER-HOARE,<br><br>    Plaintiff,<br><br>v.<br><br>MARY MOORE, HSU MANAGERMELI, DR. MANLOVE, DR. ANDERSON, PAUL BEKX, MICHAEL RIVERS, LT. BURNS, V. REISEN, WARDEN FOSTER, WARDEN HEPP, MAKDA FESSAHAYE, KEVIN CARR, C.O. ODONNELL, and JOHN DOES,<br><br>    Defendants. | Case No. 23-CV-686-JPS<br><br>**ORDER** |

| | |
|---|---|
| SEAN FORESTER-HOARE,<br><br>                    Plaintiff,<br><br>v.<br><br>SGT. BEAHM, CPT. TRITT, SERGEANT FALKE, WARDEN FOSTER, WARDEN HEPP, ACP MOORE, HSU MANAGER MELI, PAUL BEKX, MICHAEL RIVERS, MAKDA FESSAHAYE, KEVIN CARR, DR. WHITE, DR. KALLAS, DR. ANDERS, DR. NELSON, and JOHN DOES,<br><br>                    Defendants. | Case No. 23-CV-727-JPS<br><br><br>**ORDER** |

Plaintiff Sean Forester-Hoare ("Forester-Hoare"), an inmate at Green Bay Correctional Institution, has filed seven cases within the last four months. All of Plaintiff's cases are § 1983 civil rights cases and are generally brought against the same group of defendants with some exceptions. Specifically, Plaintiff has filed the following cases:

| Date Filed | Case Number | Disposition |
|---|---|---|
| 2/2/2023 | 23-CV-137 | Pending |
| 2/10/2023 | 23-CV-193 | Pending |
| 3/24/2023 | 23-CV-386 | Pending |
| 3/29/2023 | 23-CV-415 | Pending |
| 4/27/2023 | 23-CV-537 | Pending |
| 6/2/2023 | 23-CV-686 | Pending |
| 6/7/2023 | 23-CV-727 | Pending |

The right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Under the circumstances presented by Plaintiff having filed seven cases within four months, the Court finds it appropriate to impose a filing bar limiting Plaintiff to proceeding with only two cases before this branch of the Court at any one time. Accordingly, the Court will order Plaintiff to file a letter with the Court within thirty days of this Order indicating which

Page 5 of 6
Case 2:23-cv-00137-JPS   Filed 06/09/23   Page 5 of 6   Document 13

two of his seven open cases (23-CV-137, 23-CV-193, 23-CV-386, 23-CV-415, 23-CV-537, 23-CV-686, 23-CV-727) he would like to proceed. The remaining five cases will then be administratively closed subject to a motion to reopen after such time as the number of Plaintiff's pending cases falls below two.

Accordingly,

**IT IS ORDERED** that Plaintiff Sean Forester-Hoare is **BARRED** from filing any new civil cases in this district until such time as the number of Forester-Hoare's pending cases is reduced to two before this branch of the Court;

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, Plaintiff must file a letter with the Court on or before **July 10, 2023** indicating which two of his seven open cases before this Court (23-CV-137, 23-CV-193, 23-CV-386, 23-CV-415, 23-CV-537, 23-CV-686, 23-CV-727) he would like to proceed; and

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, the Clerk of Court shall return any new case filings received from, or on behalf of, Sean Forester-Hoare, back to him unfiled, together with a copy of this Order.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge